[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDERS RE:
CT Page 7379 REMAINING PENDENTE LITE
The parties have reached an agreement on most of the pendente lite orders. This court did, on May 31, 2001, enter orders in accordance with the parties' agreement. The parties, however, were unable to reach agreement on child care expense as reported on the plaintiff's financial affidavit.
There are three children issue of the parties' marriage: five, three and two years of age. The plaintiff is assistant manager of the store in which she is employed and earns a net of $196.00 per week. The defendant earns a net wage of $452.00 per week. The amount of support to be paid by the defendant in accordance with the guidelines is $184.00 per week.
The plaintiff testified that her mother cares for the children while she is at work. She testified that she pays her mother $80.00 per week. The defendant denied this.
Whether the plaintiff does or does not pay her mother, it is reasonable to assume that if she did not pay her mother she would have to pay someone else to care for the children while she was at work. The sum the plaintiff says she pays, that is $80.00 per week, is certainly fair and reasonable. It is necessary, also, for her to pay this amount to maintain her employment. The defendant is paying 42 percent of the unreimbursed medical expenses and should pay 42 percent of the child care expenses.
The court orders, therefore, that the defendant shall pay to the plaintiff by way of support for the minor children the sum of $184.00 per week plus $33.60 toward the plaintiff's child care expenses for a total of $217.60 per week effective June 1, 2001.
EDGAR W. BASSICK, III, JUDGE